IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| INTERNATIONAL TRACTOR CO., INC.<br>and EILAT LEV, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 3:09-0015 |
| JERRY E. WINN, | ) ) | JURY DEMAND |
| Defendant. | ) ) ) | |

## FINAL JUDGMENT

On June 24, 2011, the Final Pretrial Conference was held in this case, which was scheduled for trial by jury to begin on Tuesday, June 28, 2011. Prior to the conference, counsel for defendant/counter-plaintiff Jerry E. Winn ("Winn") filed a motion pursuant to Fed. R. Civ. P. 37(c)(1)(c) requesting that the Court enter judgment in his favor against counter-defendants International Tractor Company, Inc.("ITC") and Eilat Lev ("Lev"). For the reasons discussed more fully herein, the Court grants the motion.

This case was initiated by the filing of the Complaint by ITC and Lev against Winn. Winn answered and counterclaimed against Lev and ITC. The court dismissed the claims of ITC and Lev by order entered on May 13, 2010 (Document 54). Accordingly, the only claims left to in this case are the counter claims of Winn.

Two weeks before the pre-trial conference, ITC and Lev advised the Court that they intended to seek bankruptcy protection. However, as of the pretrial conference, neither defendant had sought bankruptcy protection. In the interim, ITC and Lev have disregarded the orders of this Court and their obligations under the Federal Rules of Civil Procedure regarding

pre-trial disclosures. Pursuant to this court's order setting trial, Lev and ITC were required to file witness lists, exhibit lists by June 14, 2011. They were further required to participate in the preparation of a joint pretrial order and to exchange copies of exhibits that they intend to use at trial. They have filed no list of witnesses. They have identified no exhibits to introduce at trial. ITC and Lev have refused to participate in the preparation of the Pretrial Order. They have also advised the Court that they do not intend to defend the claims against them at trial.

Fed R. Civ. P. 37(c)(1) allows the court to impose specific sanctions upon a party for failing to provide information or disclose witnesses. The rule provides that the party "is not allowed to use that information or witness to supply evidence on a motion, a hearing, or at a trial, unless the failure was substantially justified or is harmless." The rule also allows the Court, on motion and after giving an opportunity to be heard, to grant other sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi). . The orders allowed under Fed. R. Civ. P. 37(b)(2) (A) include entry of an order "directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims*"* (Fed. R Civ. P.37(b)(2) (A)(i))*,* "prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence," (Fed. R Civ. P.37(b)(2)(A)(ii)), or "striking pleadings in whole or in part." (Fed. R Civ. P.37(b)(2)(A)(iii)).

The court finds that relief under Fed. R. Civ. P. 37 is especially appropriate in this case. Counter-defendants' failure to disclose witnesses, exhibits, or otherwise participate in pretrial procedures was willful and knowing. Moreover, a review of the record in this case shows that these failures are the latest in a long line of such failures by ITC and Lev throughout this case. The Court finds that in light of the history of dilatory conduct by ITC and Lev, including but not limited to their most recent refusal to comply with this Court's order regarding pretrial

procedures, entry of an order pursuant to Fed. R. Civ. P. 37 is especially appropriate. Counsel for ITC and Lev appeared at the pre-trial conference and offered no justification for these failures.

The Court specifically finds that the following facts are taken as established for purposes of this action:

1. Defendants ITC and Lev jointly borrowed funds from Winn and agreed that they would repay the funds advanced. ITC and Lev are jointly and severally liable to Winn pursuant to Count 1 of the Complaint for money lent or for money had and received in the amount of $10,279,504.18. This amount includes principal indebtedness of $8,159,526.44 and accrued interest of $2,319,977.74, as of June 24, 2011.

2. As to Count 2 of the Complaint, the Court finds that Defendants ITC and Lev are jointly liable to Winn for actual fraud. ITC and Lev made false statements, both orally and in writing, to induce Winn's loans or investments to ITC with the intent to deceive Winn. These statements include but are not limited to the following:

(1) false representations in writing regarding ITC's financial condition;

(2) false representations that Winn's funds would be and were used to purchase discrete items of equipment;

(3) false representations that the discrete items of equipment financed by Winn had already been sold;

(4) false representations that the gross sales proceeds of the "transactions" or receivables that Winn purchased in August 2008 represented *bona fide* transactions on which ITC was scheduled to receive payment; and

(5) false representations or promises (that ITC and Lev did not intend to perform) that the transactions that Winn was purchasing in August 2008 were set to close and that ITC would collect the funds due to Winn in the next 90 days and pay them to Winn; and

(6) false representations that ITC had the ability to repay the funds that Winn advanced. The Court finds that Winn reasonably relied upon the false statements and promises of the Defendants to his detriment and suffered damage as a result. As a result, Winn is further entitled to Judgment on Count II of the Complaint against ITC and Lev in the same amount as the amount in Count I.

For all of these reasons, the Court enters Judgment in favor of Jerry E. Winn against ~~defendants~~ International Tractor Co., Inc. ~~and Eilat Lev, jointly and severally,~~ [**] on Counts 1 and 2 of the counterclaim in the amount of $10,479,504.18. This amount includes principal indebtedness of $8,159,526.44 and accrued interest of $2,319,977.74, as of June 24, 2011.

THIS IS A FINAL JUDGMENT.

_____
ALETA A. TRAUGER
UNITED STATES DISTRICT JUDGE

APPROVED FOR ENTRY:

*s/ Garry K. Grooms*
Garry K. Grooms (Sup. Ct. No. 012647)
STITES & HARBISON, PLLC
SunTrust Plaza
401 Commerce Street, Suite 800
Nashville, TN 37219-2376
Telephone: (615) 244-5200

*Counsel for Defendant/Counter-Plaintiff Jerry E. Winn.*

** Prior to the entry of this Final Judgment, counter-defendant Eilat Lev filed a Notice of Suggestion of Bankruptcy (Docket No. 97), which prevents the Court from entering this Final Judgment against him. Further action against Eilat Lev in this case is hereby STAYED pursuant to 11 U.S.C. Section 362(a).